| | |
|---|---|
| WINSTON BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| NACO – LAKE ROYALE RESORT, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on a motion to dismiss [DE-5] for lack of subject matter jurisdiction, for insufficiency of service of process, and for failure to state a claim. Plaintiff responded to the motion to dismiss with a written statement, copies of two property documents, and a rewritten complaint. [DE-13]. The Court construes that response as a motion for leave to file an amended complaint. The Lake Royale Property Owners Association, Inc. filed a motion to dismiss Plaintiff's amended complaint. [DE-16]. Despite having been served with notice of this motion to dismiss amended complaint, Plaintiff has failed to respond, and the time for filing a response has expired. All matters are thus ripe for adjudication. Chief Judge Flanagan has referred this matter to the undersigned Magistrate Judge for a memorandum and recommendation.

## I. STATEMENT OF THE CASE

On December 18, 2009, Plaintiff, a citizen of North Carolina, filed a *pro se* complaint [DE-3] against a defendant named "NACO – Lake Royale Resort, Bunn, NC." Plaintiff listed this defendant's address as "Bunn, N.C., Franklin County, End of Hwy 98." (Compl. at 1). The Complaint asserts jurisdiction based upon:

1

> Out of state case.
> NACO Lake Royale Resort – Bunn N.C.
> Dallas, Texas.

(Compl. at 2). The Complaint asserts Plaintiff's claim as follows:

> Lot #741, Lot # 2448
> $2500.00 account on interest 4% for 20 yr.
> On Lot # 2448
> Lot # 2448 - $5400.00
> Lot 741 - $2813.00

(Compl. at 2). The Complaint seeks the following relief:

> Lot 2448 $5400.00
> Lot 741 $2813.00
> saving – 2448 $2500.00 plus interest 4% For 20 years

(Compl. at 3). It appears Plaintiff is seeking to recover damages for some interest in real property.

Plaintiff served the Summons and Complaint for "NACO – Lake Royale" at address 9022 Lake Royale, Louisburg, NC 27549. Aff. of Serv. [DE-4]. The Complaint was actually served upon an entity called the Lake Royale Property Owners Association, Inc. (the "Association"), which maintains an office at that address. The Association then filed a motion to dismiss. In its motion, the Association explains it is a North Carolina non-profit corporation organized to provide for the health, safety, welfare, and governance of the Lake Royale community. The General Manager of the Association attests that the Association owns and maintains the common areas within the Lake Royale subdivision. VanGraafeiland Affid. ¶ 3 [DE-6]. The Association "is in no way affiliated with the original developers who marketed and sold lots to owners in the subdivision." *Id.* The Association has an administrative office at the address where Plaintiff sent the summons, *id.* ¶ 4, which is how it was served with process in this action. The Association notes that no entity named "NACO – Lake Royale Resort" is located at this address. *Id.* Moreover, the Association has not ever been known by that name. The Association states

that it believes NACO was one of the developers who marketed and sold lots in the Lake Royale subdivision. *Id.* ¶ 5.

Plaintiff responded to the motion to dismiss with a statement indicating he is providing "proof of original documents" for the subject property lots. His response also attached three documents: (1) what appears to be a deed to a lot 2448 in Lake Royale Subdivision [DE-13-2]; (2) a Purchase Money Deed of Trust to a lot in Lake Royale Subdivision [DE-13-3]; and (3) a newly-drafted complaint form [DE-13-4]. Although he appears to be filing a proposed amended complaint, Plaintiff did not request leave of court to do so. The first attached document appears to be a copy of a recorded deed to lot 2448 of the Lake Royale, Franklin County, North Carolina subdivision, between "Lake Royale Corporation, a North Carolina corporation," grantor, and Plaintiff as the Grantee, dated July 3, 1981. [DE-13-2]. The second attachment is a copy of a tattered and slightly torn "Purchase Money Deed of Trust," indicating Plaintiff is the Grantor and Lake Royale Corporation is the note holder in the amount of $7,200. [DE-13-3]. This second document refers to an indecipherable lot number of the Lake Royale subdivision, and the document is dated August 9, 1987. *Id.*

Plaintiff's proposed amended complaint [DE-13-4] is similar to his original Complaint. He asserts jurisdiction based upon:

> Original title
> Original purchased [sic] of deed of trust
> Out of state
> NACO- Lake Royale, Bunn NC
> NACO – Dallas, Texas and NACO – Gautier, Mis.

(Prop. Am. Compl. at 2). The proposed amended complaint further indicates that Plaintiff's claim is for:

> NACO Lake Royale Resorts
> 1   NACO – Dallas, Texas

3

> 2nd NACO – Gautier, Mississippi
> Headquarter
>
> Lots #741, Lot #2448
> $2500.00 account on interest 4% for 20 yrs
> On Lot #2448
> Lot #2448 - $5400.00
> Lot # 741 - $2813.00

*Id.* Plaintiff seeks the same relief as his original Complaint, except he adds the words "over payment" before his $2500.00 plus interest claim for relief. *Id.* at 3.

Upon receiving this response, the Association, in an apparent abundance of caution, filed a motion to dismiss the amended complaint to the extent that Plaintiff's filing constitutes or attempts to constitute an amended complaint, and relying on its prior arguments it original motion to dismiss. [DE-16].

## II.  DISCUSSION

The jurisdiction of this Court is not plenary, but is limited to actions based on federal questions or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. A plaintiff can proceed on federal question jurisdiction where he or she alleges a violation of the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction based on diversity of citizenship requires plaintiff to demonstrate that none of the defendants hold citizenship in the same state as plaintiff, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Federal Rule of Civil Procedure 12(b)(1) permits the court to dismiss an action based on lack of subject matter jurisdiction, and Rule 12(b)(6) permits the court to dismiss an action for failure to state a claim upon which relief can be granted. However, the court must liberally construe a *pro se* plaintiff's complaint. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

Granting Plaintiff every benefit of the doubt and construing his *pro se* complaint liberally, the Court is unable to glean any claim based on a federal question. To the extent he states *any* claim, he appears to be seeking redress against the developer or marketer of the Lake Royale subdivision related to some property interest in certain lots. This type of real property claim falls soundly within the province of state courts and raises no federal question. Nor can the Court find any basis whatsoever for federal jurisdiction based on diversity since complete diversity between the parties is lacking. Plaintiff is clearly a citizen of North Carolina, and defendant, to the extent there does exist some entity known as "NACO – Lake Royale Resort," also appears from the face of the Complaint to be a citizen of North Carolina. Plaintiff's Complaint does state "Dallas, Texas" under the jurisdictional element, with no explanation whatsoever. Plaintiff's proposed amended complaint also adds: "Gautier, Mississippi" and "Headquarter." Perhaps, if this NACO entity exists, it has some affiliated entities in another state or states, and it may or may not be a citizen of a state other than North Carolina. But the federal courts cannot exercise their jurisdiction based on rank speculation.

Moreover, even if the diversity requirement were satisfied, Plaintiff's claim is for considerably less than $75,000. As the Association points out, Plaintiff's claims *at most* amount to $10,713.92 plus interest at 4% on a sum of $2,500 for twenty years. As such, his claim cannot satisfy the amount in controversy requirement for federal jurisdiction based upon diversity. It is clear that the federal courts lack subject matter jurisdiction over Plaintiff's complaint, and it should be dismissed.

The Court further finds that the Complaint fails to state any cognizable claim upon which relief may be granted. As noted above, it is impossible to know from the Complaint what wrongs this action seeks to redress. Certainly Plaintiff asserts a property interest, and he alleges

5

he was *somehow* wronged or damaged in that interest. He alleges no facts that might even hint at the nature of his claim. His response to the Association's arguments did not further illuminate his claims, nor did his proposed amended complaint or the documents attached thereto cure any of these jurisdictional and substantive defects.[1] Even if this Court had subject matter jurisdiction over this action, the Complaint must be dismissed for failure to state a claim.

### III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that (1) the Lake Royale Property Owners Association, Inc.'s motion to dismiss [DE-5] be **GRANTED** and the Complaint be **DISMISSED**; (2) what the Court construes to be Plaintiff's motion for leave to file an amended complaint [DE-13] be **DENIED AS MOOT;** and (3) the Lake Royale Property Owners Association's motion to dismiss amended complaint [DE-16] be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective party and the *pro se* Plaintiff, who have fourteen (14) days after receiving it to file written objections. Failure to file timely written objections bars or may bar an aggrieved party from receiving a *de novo* review by the District Court on an issue covered in the Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

This 21st day of May 2010.

_____
DAVID W. DANIEL
United States Magistrate Judge

---

[1] In fact, because Plaintiff's proposed amendments to his Complaint would not change any of the analysis or conclusions, the Court finds them to be moot. Likewise, because the Court has already found multiple, independent bases for dismissal, the Court need not discuss the obvious problem of insufficiency of service of process, which the Association raised in its motion.