IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-518-FL

| WINSTON BAKER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| NACO - LAKE ROYALE RESORTS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (DE # 5), plaintiff's motion to amend the complaint (DE # 13), and defendant's motion to dismiss the amended complaint (DE # 16). Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, United States Magistrate Judge David W. Daniel entered a memorandum and recommendation ("M&R") addressing these motions. The magistrate judge recommends that the court grant the motion to dismiss and deny as moot both the motion to amend and motion to dismiss the amended complaint. No objections to the M&R have been filed, and the time within which to make any objection has expired.[1] In this posture, the matters raised are ripe for ruling.

Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the absence of a specific and timely filed objection, the court reviews the magistrate judge's

---

[1] By order entered June 10, 2010, the court granted plaintiff an extension of time to file objections to the M&R. Plaintiff was directed to file any objections on or before July 6, 2010. He failed to do so.

findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Here, upon a careful review of the pleadings and the M&R, the court ADOPTS as modified below the findings of the magistrate judge (DE # 19).

A plaintiff has an absolute right to amend his complaint once before any responsive pleading has been served, even if such amendment would be futile. Fed. R. Civ. P. 15(a); Galustian v. Peter, 591 F.3d 724, 729-30 (4th Cir. 2010). Where defendant had not yet filed a responsive pleading, plaintiff's motion to amend (DE # 13) must be and is ALLOWED. However, as the magistrate judge notes, neither the complaint nor the amended complaint contains any assertion of federal jurisdiction. The court agrees with the magistrate judge that plaintiff's pleadings at best can be construed as seeking $10,713.92 plus interest at 4% on a sum of $2,500.00 for a period of twenty years from an out-of-state citizen. Even under this extremely liberal interpretation of the pleadings, plaintiff's claim does not raise a federal question, see 28 U.S.C. § 1331, nor does it meet the $75,000.00 threshold for diversity jurisdiction, see id. § 1332.

Accordingly, where this court does not possess subject matter jurisdiction over plaintiff's action, defendant's motion to dismiss the amended complaint (DE # 16) is GRANTED. Defendant's first motion to dismiss (DE # 5) is DENIED AS MOOT. Plaintiff's action is DISMISSED and the clerk is DIRECTED to close this case.

SO ORDERED, this the 19th day of July, 2010.

LOUISE W. FLANAGAN
Chief United States District Court Judge

2